# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

MICHAEL HILL 90-B-0732,

                                Plaintiff,

                         -vs-                             DECISION & ORDER

PATRICK GRIFFIN, *et al.*,                           11-CV-6101-CJS

                               Defendants.

**Siragusa, J.** This matter is before the Court on Plaintiff's letter request for an Order directing that he, and his witness, be "placed in a secured facility, or environment where contact with staff will be monitored—or at least will be less hostile." Michael Hill letter to the Court (Apr. 24, 2011), at 4–5. For the reasons stated below, that application is denied.

## BACKGROUND

On February 28, 2011, Plaintiff filed a verified complaint raising several claims primarily focused on his allegation that Defendants were denying him his First Amendment right to free exercise of his religion as a "Black African-American Hebrew Isrealite…." Compl. ¶ 25, ECF No. 1 (Feb. 28, 2011). He claims in the letter application that is the subject of this Decision and Order that his witness,

> Joseph Marchese, whose affidavit was attached to the complaint served upon the defendants at Southport, was approached by recreation guards, block guards and Angela Bartlett[1] and threatened for it. He was intimidated and harassed to recant his statement. This is [a] clear violation of 42 U.S.C.A. § 1985(2). In addition he was written an illegal false misbehavior report as punishment and further threatened. Mr. Marchese was being drafted from "Southport" the day the report was filed, thus cuasing him to be

---

[1]The Court notes that Angela Bartlett is a named defendant, represented by J. Richard Benitez, Esq.

returned form draft to the cell he was leaving. I know these acts was [sic] retaliation, because I myself was placed on Level 1 restricted unit, upon arriving there, I was told my buddy Marchese would be joining me.

Michael Hill ltr to the Court (Apr. 24, 2011) ¶ 1. Plaintiff also claims he was given a false misbehavior report based on false statements by "Washburn and Mackey[2] for the filing of this suit." *Id*. ¶ 2. Plaintiff claims that when he was found guilty of the misbehavior alleged in the report, he was "deliberately transferred to a facility supervised by the defendant Bezio, named in suit Hill v. Napoli, 09-CV-6546." Plaintiff further states that, "he [presumably Bezio] was aware I was on my way to facility…where in route one of my property bags was caused to come up missing." Plaintiff wrote that the property bag contained Bezio's answers to written interrogatories, as well as personal items, including sixteen books. *Id*. ¶¶ 2–3. Plaintiff states he is unable to "fully handle civil law suit matters, criminal appeals or (FOIL) request without mail, legal documents, or books." He also finds it difficult to read without his glasses. *Id*., at 4.

On May 23, 2011, Defendants filed a motion to dismiss. Notice of Motion to Dismiss, ECF No. 6 (May 23, 2011). Plaintiff filed a comprehensive 21-page response in opposition, complete with citations to case law and statutes. Notice of Motion in Opposition to Motion to Dismiss and for Sanction, ECF No. 14 (Jun. 2, 2011). In their motion, Defendants contend that Plaintiff has previously had three civil lawsuits dismissed and is subject to the "three strikes" rule of 28 U.S.C. § 1915(g).

---

[2]Kathleen Washburn and Jacqueline Mackey are named defendants in this lawsuit, both represented by J. Richard Benitez, Esq.

**STANDARDS OF LAW**

*Preimlinary Injunctive Relief*

To obtain either a temporary restraining order or a preliminary injunction, the movant must make a showing of "(a) irreparable harm; and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*., 596 F.2d 70, 72 (2d Cir. 1979); *see also, Jackson v. Johnson*, 962 F. Supp. 391, 392 (S.D.N.Y.1997) ("In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction.") (citations omitted).  Preliminary injunctive relief "is an extraordinary remedy that will not be granted lightly." *Jackson v. Johnson*, 962 F. Supp. at 392 (citations omitted).

In *Tom Doherty*, the Second Circuit also discussed the requirements for a mandatory injunction:

> However, we have required the movant to meet a higher standard where: (i) an injunction will alter, rather than maintain, the status quo, or (ii) an injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits....
>
> 1. Mandatory Injunctions
>
> The typical preliminary injunction is prohibitory and generally seeks only to maintain the *status quo* pending a trial on the merits. *See Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985). A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act. *See id.* As noted above, this distinction is important because we have held that a mandatory injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id*. (internal quotations and citations omitted); *see also SEC v. Unifund SAL*, 910 F.2d 1028, 1039 (2d Cir. 1990) (injunction going beyond preservation of *status*

> *quo* requires "a more substantial showing of likelihood of success"); *Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir. 1977). The "clear" or "substantial" showing requirement -- the variation in language does not reflect a variation in meaning -- thus alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success. *See Unifund SAL*, 910 F.2d at 1039....
>
> Moreover, many mandatory injunctions can be stated in seemingly prohibitory terms. *See, e.g., Unifund SAL*, 910 F.2d at 1040 (imposing "substantial showing of likelihood of success" standard because "though the order is prohibitory in form, rather than mandatory, it accomplishes significantly more than preservation of the status quo"").

*Doherty Assoc., Inc. v. Saban Entertainment, Inc.*, 60 F.3d at 34–35.

## ANALYSIS

Plaintiff's application does not meet the necessarily high burden for mandatory injunctive relief. At the outset, Plaintiff provides no proof of service on opposing counsel, and does not argue that the Court should determine the application *ex parte*. In view of the nature of the allegations, and the Court's denial, the Court will overlook the lack of proof of service.

However, service aside, the issuance of injunctive relief would be inappropriate. The Court notes that Plaintiff was able, notwithstanding his assertions in the application, to complete a comprehensive response to Defendants' motion, and cite to what he believes is controlling legal authority. In any event, the Court is aware of only one other case in which a Federal court ordered a transfer. In *Streeter v. Hopper*, 618 F.2d 1178 (5th Cir. 1980), the Fifth Circuit found the following factual situation supported the district court's order transferring the inmates because of concerns about their safety:

> Plaintiffs testified that a prison officer with a reputation among inmates for violence came to administrative segregation when it was improper for him to be there and, in a conversation with Gary Krist, threatened the lives of Streeter, Lindsey and Krist. Although there was conflicting testimony as to

the conversation which occurred, the credibility issue was apparently resolved in favor of plaintiffs by the district court.

Plaintiffs also claimed to have received death threats from other, unnamed officers and inmates. They described certain areas of the prison in which other inmates had "run around" privileges enabling them to carry out such death threats.

*Streeter*, 618 F.2d at 1181-82. The allegations by Plaintiff here do not rise to the level of concern expressed by *Streeter*.

## CONCLUSION

For the reasons stated above, Plaintiff's letter application for injunctive relief is denied without prejudice. The Court will issue a separate decision on Defendants' motion to dismiss, ECF No. 6, Plaintiff's motion for a courtesy copy of the complaint and motion for an extension of time to file a reply, ECF No. 11, as well as Plaintiff's motions for the Clerk to serve Defendants, ECF No. 12, and motion to amend or correct the complaint, ECF No. 13.

IT IS SO ORDERED.

Dated:   December 5, 2011
         Rochester, New York

                    ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge