UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

MICHAEL HILL, 90B0732,

                              Plaintiff,

-vs-

PATRICK GRIFFIN, STEVEN EVERTTS, BELENA
KRUSEN, KAREN WEAVER, KATHLEEN
WASHBURN, GARY BELZ, CAROLYN O'DONAL,
KENNETH PEARLMAN, BRIAN FISCHER, JOHN
VONHAGN, ANGELA BARTLETT, DARRYL
FORREST, LORI EASTWOOD, BRIAN EVANS,
JEREMY CLEMENT, JAMES GILBERT, PATRICIA
KLAH, JACQUILINE MACKEY

                              Defendants.

DECISION and ORDER

11-CV-6101-CJS

___

**APPEARANCES**

For Plaintiff:                  Michael Hill, *pro se*
                                   Great Meadow Correctional Facility
                                   Post Office Box 51
                                   Comstock, NY 12821-0051

For Defendants:            J. Richard Benitez, A.A.G.
                                   New York State Attorney General's Office
                                   144 Exchange Boulevard, Suite 200
                                   Rochester, NY 14614

**INTRODUCTION**

**Siragusa, J.** Defendants filed a Notice of Motion, ECF. No. 6, on May 23, 2011, seeking an Order dismissing the subject complaint and an Order revoking Plaintiff's *in forma pauperis* ("IFP") status. The Court issued a motion scheduling order on May 25, 2011, setting July 1, 2011, for Plaintiff to respond. Plaintiff responded on June 2, 2011, ECF No. 14, and also filed a motion to amend/correct his complaint, ECF No. 13. For the reasons that follow, Defendants' request to revoke Plaintiff's IFP status is granted, Plaintiff's motion for leave to

amend/correct his complaint is granted, and Defendants' motion to dismiss is granted in part, and reserved in part.

## BACKGROUND

On February 28, 2011, Plaintiff filed his Complaint, ECF No. 1. He alleges thirteen claims against Defendants. The claims arise out of a dispute with the handling of Plaintiff's mail. Plaintiff, in his response to Defendants' motion, ECF No. 14, succinctly states the alleged facts of this case. He alleges that defendants Washburn, Krusen, Bartlett, and Mackey tampered with, destroyed, failed to deliver or gave to another inmate in retaliation, his mail and book packages, and that their actions were in furtherance of a conspiracy to retaliate for prior law suits. *Id.* at 2-3. He also alleges that defendants Klah, Eastwood, Forrest, and Griffin acquiesced in the actions, and committed acts of their own on behalf of the other defendants. *Id.* He further alleges that each of these defendants knowingly failed to take corrective actions or protect Plaintiff's mail and packages, and that they otherwise conspired with each other to prevent Plaintiff from pursuing his grievances and lawsuits. *Id.* Finally, Plaintiff alleges that defendants Weaver, Clements, Gilbert, Evans, Vonhagn, and Belz made racial slurs and conspired to place him on tuberculosis hold, to deny him recreation, and to deny him medical treatment and information as a means to punish him. *Id.*

In Point 14 of their motion to dismiss, ECF No. 6, argue Defendants that Plaintiff has had three "strikes" under the Prisoner Litigation Reform Act of 1995, PL 14-134, 110 Stat. 1321 ("PLRA") and, therefore, his IFP status should be revoked and he should be required to pay the filing fee, with such payment entered on the docket on May 18, 2011. As to this issue, on May 9, 2011, the Court received Plaintiff's $350.00 filing fee, with such payment

entered on the docket on May 18, 2011s.  Also, Defendants seek dismissal based on Rule 12(b)(6) grounds.  Because the Court grants Plaintiff's request to amend and correct his Complaint, Defendants' motion to dismiss will be held in abeyance until after Plaintiff submits his amended complaint.

## STANDARDS OF LAW

### *Amended Complaint*

The Federal Rules of Civil Procedure provide that leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend may be denied in the face of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment...." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also United States v. Continental Illinois Nat. Bank And Trust Co.*, 889 F.2d 1248, 1254 (2d Cir.1989). Inasmuch as Plaintiff is proceeding *pro se*, this Court is mindful that,

> [w]hen considering motions to dismiss a pro se complaint such as this, "courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted). This is especially true when dealing with pro se complaints alleging civil rights violations. *See Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001). Accordingly, the plaintiffs' allegations in this case must be read so as to "raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).

*Weikel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 145–146 (2d Cir. 2002).

### *"Three Strikes"*

A motion made under PLRA does not require supporting affidavits, and the issue of whether a prior dismissed lawsuit is a "strike" for PLRA purposes is a question of law for the

Court. *See Tafari v. Hues*, 473 F.3d 440 (2d Cir. 2007). This Court has previously addressed the "three strikes" requirements in *Kalwasinski v. McCracken, et al.*, No. 09-CV-6295-CJS, 2009 WL 4042973 (W.D.N.Y. Nov. 19, 2009), and in that case stated:

> [t]he PLRA added the following language to 28 U.S.C. § 1915:
>
>> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>>
>>> (A) the allegation of poverty is untrue; or
>>>
>>> (B) the action or appeal—
>>>
>>>> (i) is frivolous or malicious;
>>>>
>>>> (ii) fails to state a claim on which relief may be granted; or
>>>>
>>>> (iii) seeks monetary relief against a defendant who is immune from such relief....
>
> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> 28 U.S.C. § 1915(e)(2) & (g) (1996). The language in subdivision (g) has been referred to as the "three strikes" rule. The Second Circuit has held that,
>
>> Section 1915(g) denies in forma pauperis status-that is, the ability to file a civil action with fees paid by the Court-to an incarcerated person who has filed three or more previous actions deemed to be "frivolous, malicious, or [which] fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).
>
> *Polanco v. Hopkins*, 510 F.3d 152, 153 (2d Cir. 2007). Even if a court has

already granted *in forma pauperis* status to a plaintiff, should it thereafter become aware of a basis for denying that status pursuant to § 1915(g), it may nevertheless apply the statute. *See McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

*Kalwasinski*, 2009 WL 4042973, *2.

## ANALYSIS

### *Motion to Amend or Correct the Complaint and Motion to Dismiss*

The Court does not find a reason, such as undue delay, bad faith or dilatory motive to deny Plaintiff's motion to amend, ECF No. 13. Plaintiff has not previously filed an amended complaint in this case. The Court can find no prejudice to Defendants, nor have Defendants even filed a response to Plaintiff's application. Some of Plaintiff's causes of action in the original complaint, however, must be dismissed, and leave to amend with regard to those causes of action, as outlined below, is denied.

Plaintiff's third claim, ¶ 85 ECF No. 1, based on a violation of § 1981, fails to state a valid cause of action because there was no contractual relationship between Plaintiff and Defendants, and that claim is duplicative of Plaintiff's first cause of action based on § 1983. *See Reynolds v. Barrett*, 741 F. Supp. 2d 416, 446, n. 13 (W.D.N.Y. Oct. 04, 2010) (finding that the proposed cause of action under 42 U.S.C. § 1981 would be subject to dismissal, as there was no contractual relationship between plaintiffs and defendants and plaintiffs' claims under § 1981 would be duplicative of their claims under § 1983).

Plaintiff's fourth case of action, ECF No. 1 ¶ 86, alleging that Defendants were taking funds without authorization, also fails to state a cognizable claim under § 1983. The proper remedy for Plaintiff's lost property is to address the claim before the New York State Court of Claims. *See Davis v. New York*, 311 Fed.Appx. 397, 400 (2d Cir. 2009); *Keesh v. Goord*, No. 04-CV-271, 2007 WL 2903682 at *12, n.9 (W.D.N.Y. Oct. 1, 2007).

Plaintiff's fifth cause of action, ¶ 87 ECF No. 1, alleging he was subjected to malicious sabotage of investigations of civil and criminal violations upon the basis of false statements, also fails to state a claim under § 1983. "[Plaintiff] does not have a protected liberty interest in having his grievances investigated at the level of thoroughness that he desires, and therefore he can not assert a due process claim as to such failures." *Torres v. Mazzuca*, 246 F.Supp.2d 334, 342 (S.D.N.Y. Feb. 25, 2003); *see also Mahotep v. DeLuca*, 3 F.Supp.2d 385, 390 n. 3 (W.D.N.Y. May 1, 1998). Plaintiff does not have a due process right to be free from false accusations. *See Crenshaw v. Hartman*, 681 F.Supp.2d 412, 416-417 (W.D.N.Y. Jan. 20, 2010) (stating that if defendant's investigation of plaintiff's grievances was in some way inadequate or deficient, then, that would not give rise to a constitutional claim); *see also Green v. Herbert*, 677 F.Supp.2d 633, 639 (W.D.N.Y. Jan. 5, 2010) (inmate's allegation that officer who was assigned to investigate his grievance conducted a biased, unfair investigation "fails because an inmate 'has no constitutional right to have his grievances processed or investigated in any particular manner'") (quoting *Shell v. Brzezniak*, 365 F.Supp.2d 362, 379 (W.D.N.Y. April 21, 2005)).

Plaintiff's eighth cause of action, ECF No. 1 ¶ 90, alleging deliberate infringement and retaliation based on his religious beliefs with reference to the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), is likewise not cognizable. Plaintiff cannot sue Defendants in their official capacities using RLUIPA. *See Hall v. Ekpe*, 428 Fed.Appx. 93, 94 (2d Cir. 2011) (citing *Sossamon v. Texas*, — U.S. —, 131 S. Ct. 1651, 1663, 179 L. Ed. 2d 700 (2011)). Also, with respect to the RLUIPA claim against Defendants in their individual capacities, the remedy would be identical to the remedy

available for Plaintiff's First Amendment causes of action. *See generally Ashcroft v. al-Kidd*, — U.S.—, 131 S. Ct. 2074, 2080, 179 L. Ed.2d 1149 (2011) ("Courts should think carefully before expending scarce judicial resources to resolve difficult and novel questions of constitutional or statutory interpretation that will have no effect on the outcome of the case."). Therefore, the cause of action with regard to individual capacities is duplicative of Plaintiff's other causes of action. Accordingly, the Court finds this cause of action to be both futile and duplicative.

Finally, Plaintiff's ninth cause of action, alleging that his outgoing legal mail, confidential medical mail, incoming legal mail, and general mail, was intercepted, is not cognizable insomuch as a Fourth Amendment claim. Among the protections enjoyed by prison inmates, though not unfettered, is the right "to the free flow of incoming and outgoing mail" guaranteed by the First Amendment. *See LeBron v. Swaitek*, No. 05-CV-172, 2007 WL 3254373, at *6 (N.D.N.Y. 2007) (quoting *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir.2003)). If properly alleged, Plaintiff could have a First Amendment right cause of action for the interception of his mail; but, Plaintiff's Fourth Amendment argument is without merit. The Supreme Court held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Therefore, Plaintiff's ninth cause of action, as it arises out of the Fourth Amendment, is fails.

The Court has not determined whether the remaining causes of action in Plaintiff's complaint are sufficiently pled and will withhold its determination until after Plaintiff has filed an amended complaint. The Court reminds Plaintiff that the amended complaint is meant to completely replace the current complaint and previous causes of action have to be re-

alleged. As a final reminder for Plaintiff before he files his amended complaint, conclusory allegations do not have to be considered as true when ruling on a motion to dismiss. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995).

***"Three Strikes"***

Defendants argue that Plaintiff has "three strikes" against him based on the cases cited below. ECF No. 6. After analyzing the prior cases, the finds that Plaintiff's IFP status must be revoked under the "three strikes" provision of the PLRA. Consequently, Plaintiff must pay the filing fee in full, or have his case dismissed. Since he has already paid the filing fee, Defendants' motion to dismiss the case as a result of the "three strikes" provision is denied. However, IFP status entitles a litigant to other benefits besides being able to pay the filing fee in installments.

In the first case cited by Defendants, *Hill v. Graham, et al.*, 00-CV-1688 (LEK/GS) (N.D.N.Y. Nov. 27, 2000) (ECF No. 6), Plaintiff's case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and that further appeal of the matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). Since the case was dismissed on 1915(e)(2)(B) grounds, the Court finds it to be a "strike" against Plaintiff.

In the second case Defendants cited, *Hill v. Governor Pataki, et al.*, 05-CV-6095 (WMS) (W.D.N.Y. July, 18, 2005) (ECF No. 6), Plaintiff's case was dismissed pursuant to 1915(e)(2)(B)(ii) and 1915A. Plaintiff filed an action challenging his conviction in addition to a habeas corpus petition he had already filed. The court issued a warning to Plaintiff concerning his right to pursue further relief in federal court citing 1915(g). The court also stated that any appeal from its decision would not be taken in good faith. Since the case was dismissed on 1915(e)(2)(B) grounds, the Court finds it to be another "strike."

In the third case, *Hill v. Dr. Chalanor, et al.*, 06-CV-0438 (GTS/GHL) (N.D.N.Y. Mar. 25, 2010) (ECF No. 6), Plaintiff's case was dismissed for failure to state a claim pursuant to 1915(e)(2). The district court also stated that under 1915(a)(3), any appeal from its decision and order would not be taken in good faith. Since the case dismissed for failure to state a claim, the Court finds it to be Plaintiff's third "strike."

**CONCLUSION**

Defendants' motion, ECF No. 6, to revoke Plaintiff's *in forma pauperis* status is granted and Plaintiff's *in forma pauperis* status is revoked pursuant to 28 U.S.C. § 1915(g). Defendants' motion to dismiss, ECF No. 6, is granted in part and Plaintiff's third, fourth, fifth, eighth and ninth causes of action in the complaint, ECF No. 1, are dismissed. Plaintiff's motion to amend or correct the complaint, ECF No. 13, is granted in part, and Plaintiff is directed to submit an amended complaint, which will completely replace the existing complaint, prior to February 29, 2012. If Plaintiff submits an amended complaint, Defendants must file their responsive pleading within 20 days. In the event Plaintiff fails to submit an amended complaint by February 29, 2012, the Court will evaluate Defendants' motion to dismiss with regard to the remaining causes of action in the original complaint not dismissed by this Decision and Order.

So Ordered.

Dated:   January 9, 2012
        Rochester, New York

                ENTER:

                          /s/ Charles J. Siragusa
                          CHARLES J. SIRAGUSA
                          United States District Judge