**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**



MICHAEL HILL,

               Plaintiff,

      v.

PATRICK GRIFFIN, et al.,

               Defendants.

**DECISION & ORDER**
11-CV-6101

### Preliminary Statement

*Pro se* plaintiff, currently incarcerated at the Southport Correctional Facility, brings the instant action pursuant to 42 U.S.C. § 1983 for alleged violations of his First, Eighth, and Fourteenth Amendment Rights. Plaintiff alleges, *inter alia*, that, because of his race and religion, the defendants discriminated, conspired, and retaliated against him by refusing him medical care and medical information and tampering with his legal mail. See Verified Amended Complaint (Docket # 19).

By Order of Judge Charles J. Siragusa, dated August 23, 2012, all pretrial motions excluding dispositive motions have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A-B). (Docket # 23). Currently pending before the Court are (1) plaintiff's first motion to compel and for sanctions (Docket # 30) and (2) and plaintiff's second motion to compel. (Docket # 38).

## Discussion

Plaintiff's First Motion to Compel: Plaintiff filed his first motion to compel on November 27, 2012, therein seeking defendants' initial disclosures, which this Court ordered to be produced by November 11, 2012. See Scheduling Order (Docket # 25). Although tardy by a few days, defendants filed their initial disclosures on November 16, 2012, and served plaintiff with them on November 27, 2012. See Docket # 28; Docket # 35 at ¶ 2. The Court, having reviewed the papers in support of (Docket ## 30, 35) and in opposition to (Docket # 33) plaintiff's motion, hereby Orders that plaintiff's motion to compel (Docket # 30) is **denied as moot**. See Myers v. Dolac, No. 09-CV-6642P, 2011 WL 4553107, at *3-4 (W.D.N.Y. Sept. 29, 2011) (finding plaintiff's motion to compel initial disclosures moot as they had already been filed and served on plaintiff). In addition, the Court does not find that defendants' delay in serving the Rule 26 initial disclosures occurred in bad faith or was motivated by improper purposes. Therefore, the Court declines to sanction defendants $9,999.00 as requested by plaintiff. Accordingly, plaintiff's request for sanctions is denied.

Plaintiff's Second Motion to Compel: Plaintiff filed his second motion to compel on March 8, 2013, seeking written depositions of ten defendants. (Docket # 38). Plaintiff dated his request for written depositions February 28, 2013, the final date allowed for discovery under the scheduling order. See Docket # 25.

Defendants oppose the motion for written depositions on the

2

grounds that it is non-compliant with Rule 31 of the Federal Rules of Civil Procedure. See Docket # 40. Some of the "defects" cited by defense counsel are without merit.[1] Nevertheless, having reviewed the hundreds of deposition "questions" plaintiff seeks to ask defendants, the Court concludes that most, if not all, of the questions are irrelevant, improper, or clearly not intended to lead to the discovery of evidence relevant to plaintiff's claims. In addition, on May 17, 2013, defendants filed a motion for summary judgment which has been briefed and is currently pending before Judge Geraci. (Docket # 43). Should plaintiff's claims survive summary judgment, plaintiff may apply to the Court for further discovery.

**Conclusion**

Plaintiff's first and second motions to compel (Docket ## 30, 38) are **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 17, 2013
Rochester, New York

---

[1] For example, defense counsel apparently believes that because plaintiff is incarcerated he may not utilize Rule 31 without leave of court. Rule 31, however, requires leave of court when "the deponent is confined in prison." Fed R. Civ. P. 31(a)(2)(B). Defense counsel's claim that plaintiff's demand for written interrogatories is "untimely as a matter of law" is particularly precarious given that defense counsel's filing of mandatory disclosures required by the scheduling order was also untimely.

3