UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT FILED MAY 28 2015 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

MICHAEL HILL, 90B0732,

Plaintiff,

v.

PATRICK GRIFFIN, et al.,

Defendants.

**DECISION AND ORDER**

6:11-CV-6101 EAW

## INTRODUCTION

*Pro se* Plaintiff Michael Hill ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), alleges various violations of his constitutional rights while he was incarcerated at the Southport Correctional Facility ("Southport"). Defendants, who are employees of DOCCS, seek judgment on the pleadings as to Plaintiff's amended complaint. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiff's amended complaint alleges that Defendants violated his rights in various ways while he was incarcerated at Southport. Plaintiff describes himself as a "Black African/American Hebrew-Isrealite [sic]," and claims that he has been deprived of his constitutional rights based on his race and religion. (Dkt. 19 at ¶ 23). According to Plaintiff, funds have been improperly extracted from his inmate account, he has been charged an inflated price for postage, a "Jewish religious legal study guide" was improperly confiscated from him and labeled contraband, his mail has been interfered

with, he has been prevented from filing and pursuing grievances, and he has been denied medical information. (*Id.* at ¶¶ 27-30, 44, 48, 54-1[1], 56, 60, 62).

Plaintiff's amended complaint purports to assert the following causes of action[2]: (1) conspiracy pursuant to 28 U.S.C. §§ 1983, 1985, and 1986 (Dkt. 1 at ¶ 26); (2) "harassment" in violation of the Eighth and Fourteenth Amendments (*id.* at ¶ 54-1); (3) "deliberate failure to supervise and discipline" (*id.* at ¶ 55-1); (4) "denial of access to the courts" (*id.* at ¶ 60-1); (5) retaliation/equal protection violations (*id.* at ¶ 36); (6) denial of medical treatment (*id.* at 44); (7) "interference & deliberate mail deprivations" (*id.* at ¶ 48); and (8) retaliation in violation of the First and Fourteenth Amendments (*id.* at ¶ 54). Defendants seek dismissal of all of Plaintiff's claims. (Dkt. 43-1).

Plaintiff commenced the instant action pursuant to 42 U.S.C. § 1983 on February 28, 2011, alleging various violations of his rights by the Defendants. (Dkt. 1). Defendants moved to dismiss the complaint on May 23, 2011. (Dkt. 6). In response, Plaintiff moved to amend the complaint on June 2, 2011. (Dkt. 12). On January 11, 2012, the Honorable Charles J. Siragusa, United States District Judge, entered a Decision and Order granting in part and denying in part both the motion to dismiss and the motion for leave to amend. (Dkt. 18). Judge Siragusa's Decision and Order provided that Plaintiff

---

[1] The paragraphs in the amended complaint are non-consecutively numbered and, in some cases, more than one paragraph has the same number. In such instances, this Decision and Order refers to the paragraphs as, for example, ¶ 54-1, ¶ 54-2, etc.

[2] Plaintiff's causes of action are non-consecutively numbered – the amended complaint does not list a fourth, fifth, or sixth cause of action, and lists two eighth causes of action. For this reason, the Court does not refer to the causes of action by number, but rather by description.

could file an amended complaint prior to February 29, 2012. (*Id.* at 9). Plaintiff filed his amended complaint on January 23, 2012 (Dkt. 19), and Defendants answered the amended complaint on July 25, 2012 (Dkt. 21).

On May 17, 2013, Defendants filed the instant motion, which, although designated on the docket and in the notice of motion as a motion for summary judgment under Fed. R. Civ. P. 56, purports in various places to be brought pursuant to both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56. (*See* Dkt. 43, 43-1). Plaintiff filed his opposition to the motion on May 29, 2013. (Dkt. 47). This case was transferred to the undersigned on December 4, 2014. (Dkt. 69). On January 27, 2015, this Court entered a Decision and Order that: (1) denied Defendants' motion to the extent it sought summary judgment; (2) construed the portion of Defendants' motion seeking dismissal pursuant to Rule 12(b)(6) as a motion for judgment on the pleadings pursuant to Rule 12(c); (3) permitted Plaintiff to file an additional submission in opposition to Defendants' motion on or before February 27, 2015; and (4) reserved decision on the remainder of Defendants' motion pending Plaintiff's submission. (Dkt. 74). Plaintiff filed a supplemental submission on February 6, 2015. (Dkt. 75).

## DISCUSSION

### I. Legal Standard

A motion for judgment on the pleadings made pursuant to Fed. R. Civ. P. 12(c) is assessed using "the same . . . standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (quotation omitted). In considering a motion to dismiss, a court generally may only consider "facts stated in the

complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). A court should consider the motion "'accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor.'" *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("The plausibility standard is not akin to a probability requirement. A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely.") (citations and internal quotation marks omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citations omitted). Thus, "at a bare minimum, the operative standard requires the plaintiff to provide the grounds upon which his claim rests through factual

allegations sufficient to raise a right to relief above the speculative level." *Goldstein v. Pataki*, 516 F.3d 50, 56-57 (2d Cir. 2008) (internal quotation marks omitted).

In addition, "[i]t is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal quotation marks omitted); *see also Hemphill v. New York*, 380 F.3d 680, 687 (2d Cir. 2004) ("It is well-established that 'when [a] plaintiff proceeds *pro se* . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations.'") (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Moreover, "a *pro se* litigant should be afforded every opportunity to demonstrate that he has a valid claim." *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 762 (2d Cir. 1990) (alteration in original) (internal quotation marks omitted).

## II. Plaintiff's Conspiracy Claim

Plaintiff seeks to assert a claim for conspiracy pursuant to 28 U.S.C. §§ 1983, 1985, and 1986. (Dkt. 19 at ¶ 26). Defendants argue that this claim is barred pursuant to the intracorporate conspiracy doctrine, which "bars conspiracy claims against employees of entities such as [DOCCS] (when those employees are alleged to have conspired solely with each other) unless, pursuant to the doctrine's 'scope of employment' exception, the employees were pursuing personal interests wholly separate and apart from the entity by whom they were employed." *Richard v. Fischer*, 38 F. Supp. 3d 340, 353 (W.D.N.Y. 2014) (quotation omitted and alteration in original). As the Court noted in the *Richard*

case, courts in this district have applied the intracorporate conspiracy doctrine "to bar inmates' conspiracy claims against DOCCS." *Id.*

In this case, Plaintiff has not alleged facts plausibly suggesting that Defendants were acting out of independent personal interests. This is particularly true because "in order to allege facts plausibly suggesting that individuals were pursuing personal interests wholly separate and apart from the entity, more is required of a plaintiff than simply alleging that the defendants were motivated by personal bias against the plaintiff." *Vega v. Artus*, 610 F. Supp. 2d 185, 205 (N.D.N.Y. 2009) (quotation omitted). As a result, Plaintiff's conspiracy claim is barred as a matter of law by the intracorporate conspiracy doctrine. Defendants' motion to dismiss this claim is granted.

**III. Plaintiff's "Harassment" Claim**

Plaintiff next alleges that he was subjected to harassment in violation of the Eighth and Fourteenth Amendments. (Dkt. 19 at ¶ 54-1). Plaintiff's amended complaint fails to state a harassment claim.

"Prisoners have no constitutional right to be free from harassment." *Greene v. Mazzuca*, 485 F. Supp. 2d 447, 451 (S.D.N.Y. 2007). However, "[h]arassment may be so drastic as to violate the Eighth Amendment's right to be free from cruel and usual punishment, but only in the harshest of circumstances." *Id.* at 451 (citing *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997)). To rise to the level of a constitutional violation, "[t]he alleged harassment must be objectively and sufficiently serious, denying [Plaintiff] the minimal civilized measure of life's necessities." *Id.* "In addition to the objective test, those committing the harassment must also exhibit deliberate indifference to

the inmate's significant needs of health or safety." *Id.* Plaintiff must also "show some injury or damage resulting from the alleged harassment to state a claim under § 1983." *Id.*

Plaintiff's amended complaint does not contain allegations that meet the standard for an Eighth Amendment harassment claim. Even accepting Plaintiff's allegations as true, he has not alleged facts that would demonstrate that he has been denied "the minimal civilized measure of life's necessities" or that any of the Defendants were deliberately indifferent to his significant needs of health or safety. *McDonald v. Smith*, No. 12-CV-926A, 2013 WL 7044723, at *7 (W.D.N.Y. Dec. 17, 2013), *adopted*, No. 12-CV-926A, 2014 WL 223652 (W.D.N.Y. Jan. 21, 2014) (granting motion to dismiss harassment claim). Defendants' motion to dismiss this claim is granted.

## IV. Denial of Access to the Courts

Plaintiff alleges that Defendants Evertts, Bartlett, and Washburn prevented Plaintiff from filing and/or exhausting grievances, and that as a result he was "subjected to the denial of access to the courts." (Dkt. 19 at ¶ 60-1).

"In order to state a claim for denial of access to the courts, 'a plaintiff must allege that the defendant took or was responsible for actions that hindered [his] efforts to pursue a legal claim.'" *Simmons v. Adamy*, 987 F. Supp. 2d 302, 307 (W.D.N.Y. 2013) (quoting *Davis v. Goord,* 320 F.3d 346, 351 (2d Cir. 2003)) (alteration in original). "[A]n inmate alleging a denial of access to courts must show actual injury as a result of the deficient access to courts. The cause of the injury must be inadequacy of the access. Plaintiff must show that a non-frivolous legal claim was frustrated or impeded due to the actions of

prison officials." *Avent v. Doe*, No. 9:05CV1311(FJS/GJD), 2008 WL 877176, at *7 (N.D.N.Y. Mar. 31, 2008) (citations omitted).

It is well-established that inmates do not have a protected liberty interest in the processing of their prison grievances. *See Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003). "While there is a First Amendment right of meaningful access to the courts and a right to petition the government for redress, inmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983." *Cancel v. Goord*, No. 00 CIV 2042 LMM, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) (citations omitted).

Plaintiff's claim for denial of access to the courts thus fails for at least two reasons. First, Plaintiff's claim rests on the alleged failure of Defendants to follow proper grievance procedures, which does not give rise to a § 1983 claim. *Avent*, 2008 WL 877176, at *8. Second, Plaintiff has not alleged any actual injury, inasmuch as he has not identified any non-frivolous legal claim that was frustrated as a result of Defendants' alleged actions. *Id.* at *9 (where defendants had allegedly prevented plaintiff from filing a grievance, "[c]learly, there was no actual injury since plaintiff has filed this lawsuit . . . and defendants in this case have not argued that plaintiff failed to exhaust his administrative remedies.").

Plaintiff's amended complaint fails to state a claim for denial of access to the courts. Defendants' motion for judgment on the pleadings as to this claim is granted.

## V. Equal Protection

Plaintiff next alleges that he was "subjected to retaliation to treat him unequal by interfering with his civil rights" pursuant to "14th Amendment equal protection of law." (Dkt. 19 at ¶ 36). Plaintiff further states that "each and every defendant treated Plaintiff as a class of one different than white Christian inmates, and they had no rational basis for doing so." (*Id.*). Defendants argue that Plaintiff's equal protection claim should be dismissed because "Plaintiff does not allege that he was treated differently from other similarly situated individuals." (Dkt. 43-1 at 7).

To allege a violation of the Equal Protection Clause, "it is axiomatic that a plaintiff must allege that similarly situated persons have been treated differently." *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994). The allegation that a plaintiff was treated differently than others similarly situated is "essential" to an equal protection claim. *Butler v. City of Batavia*, 545 F. Supp. 2d 289, 292 (W.D.N.Y. 2008), *aff'd*, 323 F. App'x 21 (2d Cir. 2009). Furthermore, "[e]qual protection claims under § 1983 cannot be based solely on the disparate impact of a facially neutral policy. It is well established that . . . racially discriminatory intent or purpose is required to [allege] a violation of the Equal Protection clause." *Reynolds v. Barrett*, 685 F.3d 193, 201 (2d Cir. 2012) (internal quotations and citation omitted) (alteration in original).

Here, Plaintiff specifically alleges that Defendants treated him differently than "white Christian inmates." (Dkt. 19 at ¶ 36). Moreover, he alleges that his packages were interfered with, deliberately misdirected, and rejected for "false reasons," and that this was "not being done to white Christian inmates." (*Id.* at ¶ 39). "Plaintiff has identified, albeit

generally, a group of similarly-situated inmates who were treated differently. . . . Plaintiff has alleged facts sufficient to state an equal protection claim pursuant to § 1983." *Richard*, 38 F. Supp. 3d at 355. Defendants' motion for judgment on the pleadings as to this claim is denied.

## VI. Denial of Medical Treatment

Plaintiff claims that he was denied medical treatment. (Dkt. 19 at ¶ 44). This claim appears to be predicated on Defendants' alleged refusal to provide him with additional information related to a screening test for tuberculosis. (*Id.* at ¶¶ 44-47; Dkt. 19-1 at 2).

"A claim for denial of medical care rises to the level of a constitutional violation only where the facts alleged show that a defendant was deliberately indifferent to a plaintiff's serious medical needs. The deliberate indifference standard has both an objective and subjective component." *Neason v. Bienko*, No. 09-CV-6327CJS, 2009 WL 2762676, at *1 (W.D.N.Y. Aug. 24, 2009) (citations omitted).

Plaintiff has failed to allege that he had a serious medical need related to refusing the test for tuberculosis. While there are limits on a prison's response to an inmate's refusal to submit to a tuberculosis test (*see Reynolds v. Goord*, No. 98 CIV. 6722 (DLC), 2000 WL 235278, at *4 (S.D.N.Y. Mar. 1, 2000)), the Court is unaware of any authority for the proposition that a plaintiff's request for additional information about tuberculosis screening constitutes a serious medical need. "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

Defendants' alleged denial of Plaintiff's request for additional information about tuberculosis screening does not meet this standard.

Moreover, although Plaintiff makes a conclusory allegation of deliberate indifference (*see* Dkt. 19 at ¶ 45), the documents attached by Plaintiff to the amended complaint demonstrate that corrections officials attempted to provide him with the information he was seeking. The pharmacy technician at Southport provided Plaintiff with the "patient drug education report" for tuberculin, the drug used in the tuberculosis screening test, and explained that this was all the information that was available to the pharmacy technician. (Dkt. 19-1 at 2). Plaintiff was apparently also provided with the manufacturer's product information sheet for tuberculin. (Dkt. 19-1 at 33-36). Plaintiff's amended complaint does not plausibly allege that any prison official "knew of and disregarded [an] excessive risk to [plaintiff's] health or safety." *Neason*, 2009 WL 2762676, at *2.

Plaintiff's amended complaint fails to plausibly allege a claim for denial of medical treatment. Defendants' motion for judgment on the pleadings is granted as to this claim.

## VII. Interference with Mail

Plaintiff alleges that Defendant Angela Bartlett, Deputy Superintendent at Lockport, ordered her subordinates to deliberately misdirect Plaintiff's mail. (Dkt. 19 at ¶ 49). Plaintiff further alleges that Defendant Kathleen Washburn, Senior Mail Clerk, opened and read his mail and deliberately forwarded his mail to other inmates. (Dkt. 19 at ¶¶ 50-53). Additionally, Plaintiff alleges that Defendant Jacqueline Mackey, Senior Counselor,

opened Plaintiff's mail without authorization and assisted Defendant Washburn in misdirecting Plaintiff's mail. (*Id.* at ¶ 57).

"Under the First Amendment, prisoners have a right to the free flow of incoming and outgoing mail." *Johnson v. Goord*, 445 F.3d 532, 534 (2d Cir. 2006) (quotation omitted). "To state a violation of the right to free speech arising from interference with an inmate's legal mail, an inmate must allege an ongoing practice by prison officials of interfering with his mail or some harm suffered due to the tampering." *Shepherd v. Fisher*, No. 08 CIV.9297 (LTS)(RLE), 2011 WL 3278966, at *2 (S.D.N.Y. July 27, 2011). Defendants argue that Plaintiff has failed to state a claim for deliberate interference with his mail because "the complaint is void of any predicate facts to support a valid claim." (Dkt. 43-1 at 9). This conclusory argument is without merit. Plaintiff's amended complaint contains specific allegations that Defendants Bartlett, Washburn, and Mackey systematically interfered with his mail, including by deliberately misdirecting his mail such that it did not reach its intended targets. Plaintiff has stated a viable claim for deliberate interference with mail by Defendants Bartlett, Washburn, and Mackey. Defendants' motion for judgment on the pleadings is denied as to this claim.

**VIII. First Amendment Retaliation**

Plaintiff's final cause of action alleges that he was retaliated against for having initiated earlier lawsuits by "the usurping of funds from his inmate account. . . ." (Dkt. 19 at ¶ 54-2). Defendants' argument as to this cause of action is puzzling. Rather than address the actual claim made by Plaintiff (namely, First Amendment retaliation), Defendants argue that Plaintiff has not adequately stated a Fourteenth Amendment lost

property claim. (Dkt. 43-1 at ¶¶ 10-11). Because they have not addressed the actual claim made by Plaintiff, Defendants plainly have not demonstrated that they are entitled to judgment on the pleadings as to this claim. Their motion is therefore denied as to Plaintiff's First Amendment retaliation claim.

## IX. Failure to Supervise and Personal Involvement

Plaintiff seeks to assert an independent claim of "failure to supervise & discipline" against Defendants Bartlett, Griffin, Belz, Klatt, Fischer, and Pearlman. (Dkt. 19 at ¶ 55-1). The analysis of this claim is closely related to Defendants' argument that Defendants Fischer, Pearlman, Griffin, Bartlett, and Belz should be dismissed from this action because Plaintiff fails to allege their personal involvement in his alleged constitutional deprivations. (Dkt. 43-1 at 13-14). The Court thus considers these issues together.

"To establish the liability of a supervisory official under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional violations." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). Moreover, "mere linkage in the prison chain of command is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." (*Id.*) (quotation omitted). In the context of constitutional claims based on allegations of intentional discrimination, "'a supervisor's mere knowledge of his subordinate's discriminatory purpose'" does not suffice to establish personal involvement. *Sash v. United States*, 674 F. Supp. 2d 531, 544 (S.D.N.Y. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

The Court has reviewed the allegations in the amended complaint as to each of the allegedly supervisory defendants. As to Defendants Bartlett, Belz, and Griffin, the

amended complaint adequately alleges personal involvement by these individuals in the claimed Constitutional deprivations. (*See* Dkt. 19 at ¶¶ 29, 30, 56-1, 59-1, 61-1, 31, 38, 49). However, as to Defendants Fisher and Pearlman, the amended complaint alleges nothing more than awareness of the alleged discrimination by subordinates. (*See id.* at ¶¶ 55-1, 57-1, 58-1, 40, 56-2). These allegations are insufficient to support a finding of liability as to these individuals. *See Bennett v. Fischer*, No. 9:09–CV–1236 (FJS/DEP), 2010 WL 5525368, at *11 (N.D.N.Y. Aug. 17, 2010) ("[I]t is well settled that . . . conclusory allegations that a supervisor has failed to properly manage a subordinate do not suffice to establish the requisite personal involvement and support a finding of liability.") Defendants Fisher and Pearlman are therefore dismissed from this action.

## X. Official Capacity Claims

Plaintiff purports to sue several Defendants in their official capacities, including Defendants Brian Fischer, Patrick Griffin, and Angela Bartlett. (Dkt. 19 at ¶¶ 4-5, 7). As Defendants point out, "[t]he Eleventh Amendment bars all money damages claims against state officials acting in their official capacities." *Gray-Davis v. New York*, No. 5:14-CV-1490 GTS/TWD, 2015 WL 2120518, at *7 (N.D.N.Y. May 5, 2015). "[H]owever, a plaintiff may sue a state official acting in his official capacity – notwithstanding the Eleventh Amendment – for prospective, injunctive relief from violations of federal law." *State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quotation omitted). Here, Plaintiff requests injunctive relief as to Defendants Brian Fischer, Patrick Griffin, and Angela Bartlett. (Dkt. 19 at ¶ 69). Defendants have not addressed this request or made any argument as to why it is inappropriate. Defendant

Fisher is dismissed from this case (*see* section IX, *supra*), but Plaintiff will be permitted to pursue his claim for injunctive relief as to Defendants Griffin and Bartlett in their official capacities. As to all other Defendants, the official capacity claims are dismissed.

**CONCLUSION**

For the reasons set forth above, the Court grants Defendants' motion (Dkt. 43) to the extent it seeks dismissal of Plaintiff's claims for conspiracy, harassment, denial of access to the courts, and denial of medical treatment. Defendants' motion is further granted to the extent it seeks dismissal of all claims against Defendants Brian Fisher and Kenneth Pearlman, and to the extent it seeks dismissal of the official capacity claims against all Defendants except Angela Bartlett and Patrick Griffin. Defendants' motion is denied as to Plaintiff's claims for denial of equal protection, deliberate interference with mail, First Amendment retaliation, and as to Plaintiff's request for injunctive relief against Angela Bartlett and Patrick Griffin in their official capacities. Defendants Brian Fisher and Kenneth Pearlman are dismissed from this case.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: May 28, 2015
Rochester, New York